**IN THE COURT OF APPEALS OF IOWA**

No. 17-1394
Filed September 12, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JOEL ENRIQUE HERRARTE JR.,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Wapello County, Shawn R. Showers,

Judge.

        The defendant appeals his convictions and sentences for kidnapping in the

third degree, assault while participating in a felony, and willful injury causing bodily

injury.  **AFFIRMED.**

        Mark C. Smith, State Appellate Defender, and Theresa R. Wilson, Assistant

Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Kelli A. Huser, Assistant Attorney

General, for appellee.

        Considered by Potterfield, P.J., and Bower and McDonald, JJ.

**POTTERFIELD, Presiding Judge.**

Joel Herrarte Jr. was originally charged by trial information with kidnapping in the second degree (count I), assault while participating in a felony (count II), and willful injury causing bodily injury (count III). After a trial to the bench, the court found Herrarte guilty of counts II and III. The court acquitted Herrarte of second-degree kidnapping but found Herrarte guilty of the "lesser-included" offense of third-degree kidnapping. Herrarte was sentenced to a ten-year sentence for kidnapping in the third degree, a five-year sentence for count II, and a five-year sentence for count III. The court ordered Herrarte to serve the three sentences consecutively. He appeals.

**I. Kidnapping Conviction.**

Herrarte maintains the district court erred in its determination that third-degree kidnapping is a lesser-included offense of second-degree kidnapping. He asserts that we must vacate his conviction for third-degree kidnapping because of the error.

Herrarte did not preserve error on this issue. He did not object to the court's reliance on kidnapping in the third degree as a lesser-included offense. *See State v. Taggart*, 430 N.W.2d 423, 425 (Iowa 1988) ("Failure to timely object to an instruction not only waives the right to assert error on appeal, but also 'the instruction, right or wrong, becomes the law of the case.'" (citation omitted)). And in fact, he argued in his closing argument, "If the arguments advanced by the State and the defendant both have merit then clearly reasonable doubt does exist and the defendant should only be found guilty of the lesser included offense of kidnapping in the third degree." (altered for readability). *See State v. Sage*, 162

N.W.2d 502, 504 (Iowa 1968) ("A party to a criminal proceeding cannot assume inconsistent positions in the trial and appellate courts and, as a general rule, will not be permitted to allege an error in which he himself acquiesced, or which was committed or invited by him." (citation omitted)).

However, Herrarte can and does raise the claim under the ineffective-assistance-of-counsel framework, as such "claims are not bound by traditional error-preservation rules." *See State v. Ondayog*, 722 N.W.2d 778, 784 (Iowa 2006). Rather, they "are an exception to normal error-preservation rules and the 'law of the case' doctrine." *Id.*

To succeed on a claim of ineffective assistance, Herrarte has the burden to establish by a preponderance of the evidence that (1) his trial counsel failed to perform an essential duty and (2) prejudice resulted. *Id.* His claim fails if he is unable to prove either element. *Id.*

The State is adamant Herrarte's counsel made a strategic decision to urge the court to that kidnapping in the third degree (based on the intent to seriously injure the victim) was a lesser-included crime of kidnapping in the second degree (based on the intent to hold the victim for ransom). *Compare* Iowa Code §§ 710.1(3), 710.4 (2016), *with* Iowa Code § 710.3(1). The State asserts it was a reasonable tactical decision not to seek outright acquittal on the kidnapping charge when the kidnapping evidence was so strong. It is possible counsel made a strategic choice to pursue an incorrect legal argument regarding the lesser-included offense, but "we cannot automatically assume every alleged misstep was a reasonable strategy simply because some lawyer, somewhere, somehow, under some circumstances at some time would have done such a thing." *Ondayog*, 722

N.W.2d at 786. Based on the record before us, we cannot ascertain what motivated counsel's argument.

When the record leaves a question as to whether an action—or inaction—by counsel was a matter of strategy, we preserve the claim for possible postconviction relief. *See State v. Thorndike*, 860 N.W.2d 316, 320 (Iowa 2015) ("We prefer to reserve such questions for postconviction proceedings so the defendant's trial counsel can defend against the charge." (citation omitted)). Thus, we preserve Herrarte's claim for possible postconviction-relief proceedings. *See State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010) ("If . . . the court determines the claim cannot be addressed on appeal, the court must preserve it for a postconviction-relief proceeding, regardless of the court's view of the potential viability of the claim.").

**II. Sentencing.**

Herrarte maintains the trial court abused its discretion during sentencing; he claims the court considered an improper factor when deciding his sentence, namely his acquittal for kidnapping in the second degree.

We review the sentence imposed for correction of errors at law. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). "We will not reverse the decision of the district court absent an abuse of discretion or some defect in the sentencing procedure." *Id.* "If a district court improperly considers unprosecuted and unproven additional charges, we will remand the case for resentencing." *Id.* at 725.

Here, the district court stated:

Mr. Herrarte, I've considered all the sentencing options provided for in Chapters 901 and 907 of the Iowa Code, and my judgment relative to sentence is based on what would provide maximum opportunity for your rehabilitation and at the same time protect the community from further offenses by you and others.

In trying to decide what's the best sentence for you, Mr. Herrarte, I've considered your prior criminal record, the nature of the offense committed, the contents in the presentence investigation, the victim impact statement, and generally, I'm trying to figure out—your attorney talks about the life that you were involved in prior to being arrested on this charge, and what I would like to do is try to impress on you that what you did and the life you were living, there's no future in it. And what happened to [A.W.], in spite of her character flaws and her being involved in this lifestyle as well, is not an excuse. She was held against her will, beaten badly, and treated less than human, and the court has to consider that when deciding what sentence to give you.

The good news for you is you avoided being convicted of a more serious kidnapping charge, so you'll be getting out and paroling significantly sooner than you could have been had you been convicted as charged by the State, but I am going to sentence you to all these counts consecutive based on the separate nature of each offense and based on the harm to the victim, and I think it's going to be best for your rehabilitation when you get out to recognize the seriousness of what you did. You're a smart guy, and you have a high ability to be rehabilitated, and my hope is that this is the beginning of a new life for you. But you also have to make amends for what you did to [A.W.].

The court then sentenced Herrarte to a total term of incarceration of twenty years.

We acknowledge the court mentioned the charge Herrarte was acquitted of and the sentence he could have received if he was convicted as charged, but the court did not impose a harsher sentence because of the acquittal. Mere mention of the charge in this context is not enough to overcome the presumption in the sentence's favor. *See State v. Jose*, 636 N.W.2d 38, 41 (Iowa 2001) ("To overcome the presumption, a defendant must affirmatively show that the district court relied on improper evidence such an unproven offenses."). Especially here,

where the court was the factfinder in the trial and was responsible for acquitting Herrarte of the greater offense.

Because the district court did not rely on an improper factor when sentencing Herrarte, we affirm his sentences.

**III. Conclusion.**

Herrarte failed to preserve error regarding whether third-degree kidnapping is a lesser-included offense of kidnapping in the second degree, and we do not consider it. The record is not adequate to decide his alternative argument, raised under the ineffective-assistance framework, so we preserve it to allow for further development of the record in postconviction-relief proceedings. Because the district court did not rely on an improper factor during sentencing, we affirm Herrarte's sentences.

**AFFIRMED.**